DUANE MORRIS LLP
Thomas J. Kowalski
Deborah L. Lu, Ph.D.
Gregory P. Gulia
Vanessa C. Hew
Sarah Peyronnel
1540 Broadway
New York, New York 10036-4086
Telephone: (212) 692-1000
Facsimile: (212) 692-1020

Attorneys for Plaintiff
Cardiovascular Research Foundation

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
**CARDIOVASCULAR RESEARCH**      :
**FOUNDATION**      :
     :
              Plaintiff,      :      **COMPLAINT**
     -against-      :      **AND JURY DEMAND**
     :
**THE MEDICAL COLLEGE OF**      :
**WISCONSIN, INC., AMERICAN SOCIETY**      :
**FOR TRANSPLANTATION AND**      :
**CELLULAR THERAPY, and NATIONAL**      :
**MARROW DONOR PROGRAM d/b/a**      :
**THE CENTER FOR INTERNATIONAL**      :
**BLOOD AND MARROW TRANSPLANT**      :
**RESEARCH**      :
     :
              Defendants.      :
-------------------------------------------------------------X

Plaintiff, Cardiovascular Research Foundation ("Plaintiff"), by its undersigned attorneys,

Duane Morris LLP, for its Complaint against The Medical College of Wisconsin, Inc., American

Society for Transplantation and Cellular Therapy, and National Marrow Donor Program d/b/a

the Center for International Blood and Marrow Transplant Research (together, the "Defendants")

alleges as follows:

**SUBSTANCE OF THE ACTION**

This is an action for federal trademark infringement and unfair competition under Sections 32 and 43(a) of the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. §§ 1114 and 1125(a), and for substantial and related claims of unfair competition, dilution, tarnishment, and injury to business reputation under the state and common laws of the State of New York. Plaintiff brings this action based on Defendants' promotion, marketing, advertising, and offering of medical education and research related services, including, but not limited to, medical meetings, seminars, and conventions in connection with the name TCT (the "Infringing Mark"). Defendants' marketing, promotion, advertising and offering of medical education and research related services under the Infringing Mark violate Plaintiff's longstanding and extensive rights in its TCT® trademark in connection with cardiovascular education and research related services, including, but not limited to, medical meetings, seminars, and conventions. Defendants' conduct constitutes federal trademark infringement and unfair competition, as well as trademark infringement, dilution, tarnishment, and injury to business reputation under the state and common laws of the State of New York.

**JURISDICTION AND VENUE**

This Court has jurisdiction under Section 39 of the Lanham Act, 15 U.S.C. § 1121, Sections 1338(a) and 1338(b) of the Judicial Code, 28 U.S.C. §§ 1338(a) and 1338(b), and under principles of supplementary jurisdiction. Venue properly lies in this District under Sections 1391(b) and (c) of the Judicial Code, 28 U.S.C. §§ 1391(b) and 1391(c) because Defendants do business in, have substantial contacts with, and/or may be found in the Southern District of New York and a substantial portion of the events at issue have arisen and/or will arise in this District.

## PARTIES

1.      Plaintiff, Cardiovascular Research Foundation, is a nonprofit corporation, duly organized and existing under the laws of the District of Columbia, with offices located at 1700 Broadway, New York, New York 10019.

2.      Upon information and belief, defendant The Medical College of Wisconsin, Inc. ("MCW") is a corporation, duly organized and existing under the laws of Wisconsin, with offices located at 8701 Watertown Plank Road, Milwaukee, WI 53226.

3.      Upon information and belief, defendant American Society for Transplantation and Cellular Therapy ("ASTCT") is a corporation, duly organized and existing under the laws of the District of Columbia, with offices located at 330 North Wabash Avenue, Chicago, IL 60611.

4.      Upon information and belief, defendant National Marrow Donor Program d/b/a the Center for International Blood and Marrow Transplant Research ("CIBMTR") is a corporation, duly organized and existing under the laws of Colorado, with offices located at 500 N 5th Street, Minneapolis, MN 55401.  Upon information and belief, the Center for International Blood and Marrow Transplant Research is a research program of the National Marrow Donor Program and is located at 9200 W. Wisconsin Avenue, Milwaukee, WI 53226.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### A.      Plaintiff's Intellectual Property

5.      Plaintiff is a nonprofit research foundation that helps doctors improve survival and quality of life for people suffering from heart and vascular disease.  For more than 30 years, Plaintiff has offered cardiovascular education and research related services.

6.      Plaintiff has marketed, advertised, promoted, and/or provided services in connection with cardiovascular education and research under the TCT trademark (the "TCT® Mark") continuously in the United States since at least as early as 1988.

7.      Plaintiff is the owner of the following registrations for the TCT® Mark in the United States.

| Trademark | U.S. Reg. No. / Reg. Date | Goods and/or Services |
|---|---|---|
| TCT | 2,514,247<br>December 4, 2001 | Class 41: Educational services, namely, conducting conferences in the field of treatment and research of cardiovascular disease<br><br>Class 42: Cardiovascular research services |
| TCTMD | 4,603,921<br>September 16, 2014 | Class 41: "Online educational services provided via the internet or intranet, namely, conferences in the field of cardiovascular research, online reference libraries of literature and document records concerning cardiovascular research, providing education courses in the field of cardiovascular research offered through online non-downloadable audio and video recordings featuring slide presentations, and educational services in the nature of providing electronic library services which feature newspapers, magazines, photographs and pictures via an on-line computer network concerning the management of cardiovascular disease"<br><br>Class 44: "Providing news and information in the field of cardiovascular medicine" |

United States Trademark Registration Nos. 2,514,247 and 4,603,921.  Plaintiff's incontestable registrations serve as conclusive evidence of the validity of Plaintiff's registered TCT® Mark and the registrations therefor, Plaintiff's ownership of the TCT® Mark, and Plaintiff's exclusive right to use the TCT® Mark in connection with the services specified therein.  Copies of the Certificates of Registration are annexed hereto as **Exhibit 1** and incorporated herein by reference.

8.　　Plaintiff's cardiovascular education and research related services marketed under the TCT® Mark are currently available to consumers throughout this District, this State, and the United States.

9.　　Plaintiff has extensively marketed, advertised, and promoted its cardiovascular education and research related services in connection with the TCT® Mark in various media throughout the United States, including in print and on the internet.

10.　　Plaintiff maintains a website located at https://www.tctconnect.com/ (the "TCT Website") to market, advertise, and promote its cardiovascular education and research related services under the TCT® Mark and to provide information regarding its services to consumers. Annexed hereto as **Exhibit 2** are print-outs from the TCT Website featuring Plaintiff's services.

11.　　Plaintiff's cardiovascular education and research related services offered under the TCT® Mark are popular in the United States.  Plaintiff's services offered under the TCT® Mark have generated over $150 million dollars in revenue since 2013.

12.　　Plaintiff has invested significant time, effort, and financial resources into marketing, advertising, and promoting the TCT® Mark.

13.　　As a result of the substantial time, effort and financial resources that Plaintiff has invested in developing, marketing, advertising, and promoting its cardiovascular education and research related services under the TCT® Mark, the TCT® Mark has acquired and maintained a highly-regarded reputation and substantial goodwill.  The TCT® Mark symbolizes the substantial and material goodwill that Plaintiff has created for the TCT® Mark throughout the United States.

14.     The TCT® Mark has become well known to the consuming public and trade as identifying and distinguishing Plaintiff's cardiovascular education and research related services from those of its competitors.  The TCT® Mark has acquired significant fame and value.

**B.     Defendants' Violations of Plaintiff's Intellectual Property Rights and Defendants' Acts of Unfair Competition**

15.     Upon information and belief, despite having had actual and prior knowledge of Plaintiff's exclusive rights in the TCT® Mark, Defendants have infringed Plaintiff's exclusive rights in the TCT® Mark in violation of Plaintiff's intellectual property rights through the marketing, promotion, and advertising of Defendants' medical education and research related services in connection with the Infringing Mark.  The Infringing Mark consists of the acronym TCT--a designation identical to Plaintiff's registered and incontestable TCT® Mark.

16.     Upon information and belief, Defendants currently market, promote, advertise, and provide medical education and research services in connection with the Infringing Mark.

17.     Upon information and belief, Defendant MCW hosts combined meetings of Defendants ASTCT and CIMBTR, which are marketed, promoted, and advertised in connection with the Infringing Mark.

18.     Upon information and belief, such meetings marketed, promoted, and advertised by Defendants in connection with the Infringing Mark consist of full scientific programs that are attended by administrators, clinicians, data managers, clinical research professionals, fellows-in-training, investigators, laboratory technicians, MD/PhDs, nurses, nurse practitioners, pharmacists, physician assistants, and other health professionals.

19.     Upon information and belief, Defendants market, promote, and advertise such meetings as "TCT Meetings."

20.     Defendants' activities are clearly intended to create consumer confusion as to the source of Defendants' medical education and research services offered under the Infringing Mark and create a false association between Defendants' infringing medical education and research services and Plaintiff's cardiovascular education and research related services in the minds of the consuming public.

21.     Upon information and belief, Defendants' use of the Infringing Mark is intended to trade upon the extensive goodwill built up by Plaintiff in its TCT® Mark and to reap the benefits of the years of effort invested by Plaintiff to create public recognition of Plaintiff's TCT® Mark and the services offered thereunder.

22.     Defendants' deliberate and willful infringement is designed to misappropriate Plaintiff's TCT® Mark, confuse consumers as to the source of Defendants' services, and trade upon Plaintiff's valuable intellectual property, good will, and reputation.

23.     Upon information and belief, Defendants have and/or intend to pass off their services as Plaintiff's services in a manner calculated to deceive Plaintiff's customers and members of the consuming public.

24.     Defendants' acts of trademark infringement are particularly egregious in light of the fact that Defendants developed their scheme of willful infringement despite being put on notice of Plaintiff's exclusive rights in the TCT® Mark.

25.     Prior to filing this Complaint, Plaintiff's counsel sent a demand letter to Defendant MCW via e-mail on Monday, January 25, 2021, followed by a follow-up to MCW's President and CEO, also via e-mail, dated Tuesday, January 26, 2021, both advising MCW of Plaintiff's exclusive prior rights in the TCT® Mark in connection with cardiovascular education and research related services, and that Defendants' use of the Infringing Mark in connection with

these services creates a likelihood of consumer confusion and has resulted in actual confusion.
In its e-mails, Plaintiff also demanded that Defendants immediately cease use of and plans to use
the Infringing Mark.  Annexed hereto as **Exhibit 3** are copies of Plaintiff's counsel's emails to
MCW dated January 25-26, 2021.

26.     On or around January 27, 2021, Plaintiff's counsel had a conference call with
Defendant MCW's Associate General Counsel, during which Plaintiff's counsel reiterated
Plaintiff's demands.

27.     Despite being put on notice of Plaintiff's trademark rights, Defendants have not
ceased their illegal marketing, advertising, promoting, and/or provision of their services under
the Infringing Mark.

28.     To date, Defendants continue to promote and foster consumer confusion, and
unfairly compete with Plaintiff by marketing, promoting, advertising, and providing Defendants'
medical education and research services under the Infringing Mark.

29.     In fact, on February 25, 2021, after receipt of Plaintiff's demand letter, Defendant
ASTCT filed three applications with the United States Patent and Trademark Office for the
following marks:

| Applied-for Mark | Serial No. / Filing Date | Goods and/or Services |
|---|---|---|
| TCT | 90547188<br><br>February 25, 2021 | Class 09: Downloadable journals in the field of medicine<br>Class 16: Printed publications, namely journals, in the field of medicine |
| TCT Transplantation and Cellular Therapy | 90546953<br><br>February 25, 2021 | Class 09: Downloadable journals in the field of medicine<br><br>Class 16: Printed publications, namely journals, in the field of medicine |

| Transplantation and Cellular Therapy (TCT) | 90545903<br><br>February 25, 2021 | Class 09: Downloadable journals in the field of medicine<br><br>Class 16: Printed publications, namely journals, in the field of medicine |
| --- | --- | --- |

30.    Defendants' conduct is intentionally malicious, willful, and wanton.

31.    Defendants' further acts of imitation will be committed with knowledge that such imitation is intended to be used to cause confusion or mistake or to deceive.

32.    Defendants' unauthorized and infringing use of the Infringing Mark has caused consumer confusion in the marketplace.  Upon information and belief, consumers have been confused and misled by Defendants' unauthorized and infringing use of the Infringing Mark upon reception of e-mails advertising TCT meetings, to believe that Defendants' TCT meetings are sponsored by, licensed from, or otherwise affiliated with Plaintiff and/or its TCT® services.

### FIRST CLAIM FOR RELIEF
### FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114(1))

33.    Plaintiff re-alleges paragraphs 1 through 32 above and incorporates them by reference as if fully set forth herein.

34.    Defendants are currently using and/or plan to use a copy, variation, simulation, or colorable imitation of Plaintiff's registered and incontestable TCT® Mark in connection with cardiovascular education and research related.  Defendants' use of the designation TCT (also referred to as the Infringing Mark) infringes Plaintiff's exclusive rights in Plaintiff's federally registered and incontestable TCT® Mark.  Defendants' use of the Infringing Mark is likely to cause confusion, mistake, or deception as to the source of Defendants' goods and services in violation of Section 32(1) of the Lanham Act, 15 U.S.C. §1114(1).

35.     Defendants use and/or plan to use a copy, variation, simulation, or colorable imitation of Plaintiff's TCT® Mark with full knowledge of the long and extensive prior use of the TCT® Mark by Plaintiff.

36.     Defendants' conduct is causing immediate and irreparable injury to Plaintiff, and to its goodwill and reputation, and will continue both to damage Plaintiff and to confuse the public unless enjoined by this Court.  Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a))

37.     Plaintiff re-alleges paragraphs 1 through 36 above and incorporate them by reference as if fully set forth herein.

38.     Plaintiff is the valid owner of the distinctive TCT® Mark, which is entitled to full recognition and protection under federal trademark law.

39.     Defendants' actions, as described herein, constitute false designation of origin and have caused and/or are likely to cause confusion, mistake, or deception among the consuming public.

40.     Defendants' actions have been undertaken with full knowledge of Plaintiff's longstanding and extensive prior rights in and use of the TCT® Mark in connection with cardiovascular education and research related services.

41.     Defendants' acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

42.     Defendants' conduct will cause irreparable injury to Plaintiff unless enjoined by this Court.  Plaintiff has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF
## COMMON LAW UNFAIR COMPETITION

43.     Plaintiff re-alleges paragraphs 1 through 42 above and incorporate them by reference as if fully set forth herein.

44.     Upon information and belief, Defendants are aware of Plaintiff's prior use of Plaintiff's TCT® Mark, and continue to undertake the actions described herein in willful disregard of Plaintiff's rights in the TCT® Mark in connection with medical education and research services.

45.     Upon information and belief, Defendants' activities will result in the misappropriation of and trading upon Plaintiff's goodwill and business reputation at Plaintiff's expense and at no expense to Defendants.  The effect of Defendants' misappropriation of the goodwill symbolized by Plaintiff's TCT® Mark is to unjustly enrich Defendants, damage Plaintiff, and confuse and/or deceive the public.

46.     Defendants' conduct constitutes unfair competition with Plaintiff, all of which will cause irreparable injury to Plaintiff's goodwill and reputation unless enjoined by this Court. Plaintiff has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF
## COMMON LAW TRADEMARK INFRINGEMENT

47.     Plaintiff re-alleges paragraphs 1 through 46 above and incorporates them by reference as if fully set forth herein.

48.     The unauthorized, intentional, willful, and bad faith acts and practices of Defendants set forth above will constitute trademark infringement in violation of common law.

49.     Plaintiff is likely to be damaged by Defendants' infringing and unlawful acts.

50.     The acts and practices of Defendants complained of herein are likely to cause Plaintiff to suffer irreparable harm.

51.     Plaintiff has no adequate remedy at law and is entitled to and seeks injunctive relief as a result thereof.

## FIFTH CLAIM FOR RELIEF
## DILUTION AND INJURY TO BUSINESS REPUTATION
## (N.Y. General Business Law §360-l)

52.     Plaintiff re-alleges paragraphs 1 through 51 above and incorporates them by reference as if fully set forth herein.

53.     Defendants' actions, as described herein, have caused and will continue to cause the dilution of the distinctive quality of Plaintiff's TCT® Mark, resulting in injury to Plaintiff's business reputation.

54.     Defendants' actions, as described herein, are not controlled or otherwise subject to Plaintiff's control, and have caused and will continue to cause dilution and/or injury to the reputation of the Plaintiff's TCT® Mark and Plaintiff's services offered in connection therewith.

55.     By reason of the foregoing, Plaintiff is entitled to injunctive relief under New York General Business Law §360-m.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

1.     Preliminarily and permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all those in active concert and participation with Defendants from:

(a)     using or authorizing any third party to use as a trademark, service mark, domain name, business name, trade name or symbol of origin: the

Infringing Mark and any name or mark incorporating TCT, and/or any other counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's TCT® Mark in any manner or form, on or in connection with any business, products, or services, or in the marketing, advertising, and promotion of the same;

(b)     imitating, copying, or making any unauthorized use of Plaintiff's TCT® Mark and/or any copy, simulation, variation, or imitation thereof;

(c)     making or displaying any statement or representation that is likely to lead the public or the trade to believe that Defendants' goods or services sold under the Infringing Mark are in any manner associated or affiliated with or approved, endorsed, licensed, sponsored, authorized, or franchised by or are otherwise connected with Plaintiff;

(d)     using or authorizing any third party to use in connection with the rendering, offering, advertising, or promotion of any goods or services, any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress which falsely associate such goods or services with Plaintiff or tend to do so;

(e)     diluting the distinctive quality of Plaintiff's TCT® Mark;

(f)     registering or applying to register as a trademark, service mark, domain name, trade name, or other source identifier or symbol of origin, the Infringing Mark, whether alone or in combination with any other words or designs, or any other mark, trade dress or name that infringes on or is likely to be confused with Plaintiff's TCT® Mark;

13

(g)     engaging in any other activity constituting unfair competition with Plaintiff, or constituting an infringement of Plaintiff's TCT® Mark, or Plaintiff's rights therein; and

(h)     aiding, assisting or abetting any other party in doing any act prohibited by sub-paragraphs (a) through (g).

2.      Requiring Defendant ASTCT to formally abandon with prejudice U.S. Trademark Application Serial Nos. 90/547,188, 90/546,953 and 90/545,903, as well as any and all other applications to register any trademark, service mark, domain name, or trade dress consisting of, containing, or confusingly similar to, the Infringing Mark or the TCT® Mark, either alone or in combination with other words and/or designs, and to voluntarily cancel with prejudice any registration that may issue from such applications during the pendency of this action.

3.      Directing that Defendants deliver for destruction any products, advertisements, or other materials in their possession, or under their control, incorporating the Infringing Mark, or bearing simulations, variations or colorable imitations thereof, whether used alone or in combination with other words and/or designs.

4.      Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any product or service sold, distributed, licensed, or otherwise offered, circulated, or promoted by Defendants is authorized by Plaintiff or related in any way to Plaintiff's goods or services offered under the TCT® Mark.

5.      Directing that Defendants file with the Court and serve upon Plaintiff's counsel within thirty (30) days after entry of such judgment, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied therewith.

6.      Awarding Plaintiff such damages as Plaintiff has sustained or will sustain by reason of Defendants' trademark infringement and unfair competition.

7.      Awarding Plaintiff all gains, profits, property and advantages derived by Defendants from such conduct; and pursuant to 15 U.S.C. § 1117, awarding Plaintiff an amount up to three times the amount of the actual damages sustained as a result of Defendants' violation of the Lanham Act.

8.      Awarding Plaintiff exemplary and punitive damages to deter any future willful infringement as the Court finds appropriate.

9.      Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees.

10.     Awarding Plaintiff's interest, including pre-judgment interest, on the foregoing sums.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38.


Dated: New York, New York

      April 7, 2021

                                    Respectfully submitted,
                                    DUANE MORRIS LLP


                                    By:    s/ Thomas J. Kowalski
                                    _____

                                    Thomas J. Kowalski
                                    Deborah L. Lu, Ph.D.
                                    Gregory P. Gulia
                                    Vanessa C. Hew
                                    Sarah Peyronnel
                                    1540 Broadway
                                    New York, New York 10036-4086
                                    Telephone: (212) 692-1000

15

Facsimile: (212) 692-1020

*Attorneys for Plaintiff*